**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
―――――――――――――――――――――――――――――――

**AAK USA, INC.,**                                   **25-cv-1727 (JGK)**

                      Petitioner,          **MEMORANDUM OPINION**
                                                       **AND ORDER**
    - against -

**INTEGRITY INGREDIENTS CORPORATION,**

                      Respondent.
―――――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

    This is a petition to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Jurisdiction is based on diversity of citizenship. Petition to Confirm Final Arbitration Award ("Petition") ¶ 4, ECF No. 1. The underlying arbitration arose out of a contract, effective April 1, 2022, whereby the respondent purchased products from the petitioner. The petitioner alleged that the respondent defaulted in payment for products purchased and delivered pursuant to the parties' agreement. Id. ¶ 7.

    In June 2023, the petitioner filed a Demand for Arbitration (the "Demand"), which contained a breach of contract claim and an alternative claim for unjust enrichment. Id. ¶¶ 10-11. The respondent failed to respond to the Demand or otherwise to participate meaningfully in the arbitration. Id. ¶¶ 12, 15. On September 17, 2024, the Hon. Sherry Klein Heitler (Ret.) (the

1

"Arbitrator") issued the Final Award in the arbitration (the "Final Award"), which awarded the petitioner $1,203,598.89 in principal owed for the respondent's breach of contract, plus interest on the principal amount at a rate of 12% per annum, and $65,427.40 in attorneys' fees and costs. Id. ¶¶ 1, 25; Ex. G to Petition, ECF No. 1-12.

On February 28, 2025, the petitioner filed this petition seeking confirmation of the Final Award pursuant to 9 U.S.C. § 9. After the respondent's original time to respond to the Petition lapsed, the Court twice extended the time to respond. See ECF Nos. 11, 13. The Court stated that, if the respondent did not respond by May 16, 2025, the Petition would be deemed unopposed. ECF No. 13. The respondent has not responded. Therefore, the Petition will be treated as unopposed.

Although the respondent has failed to respond to the Petition, the Court must do more than simply issue a default judgment in favor of the petitioners. The Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record," and "the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's

submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).[1]

The standard for granting summary judgment is well established. The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In relevant part, the Federal Arbitration Act provides:

> [A]ny party to [an] arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Accordingly, a district court's role in reviewing an arbitration award is limited. Porzig v. Dresdner, Kleinwort, Benson, N.A. LLC, 497 F.3d 133, 138 (2d Cir. 2007); Tully Constr. Co., Inc. v. Canam Steel Corp., 684 F. App'x 24, 26 (2d Cir. 2017). "Arbitral awards are not reviewed for errors made in

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

3

law or fact." British Ins. Co. of Cayman v. Water St. Ins. Co., Ltd., 93 F. Supp. 2d 506, 514 (S.D.N.Y. 2000); see also Willemijn Houdstermaatschappj, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997). An arbitration award is to be confirmed if there is "even a barely colorable justification" for the decision. Willemijn Houdstermaatschappj, 103 F.3d at 13; see also D.H. Blair, 462 F.3d at 110.

Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the Petition should be granted. The Arbitrator reviewed the petitioner's motion for summary disposition of its Demand and accompanying submissions—including the agreement at issue and the invoices for the product shipments—and determined that the petitioner was entitled to damages on its breach-of-contract claim. Therefore, there exists more than a "barely colorable justification" for the award in this case.

Accordingly, the petition to confirm the arbitration award is **granted** and the underlying arbitration award is ordered confirmed.

The Clerk is directed to enter judgment confirming the Final Award, dated September 17, 2024, attached as Exhibit G to the Petition; to enter judgment in favor of the petitioners and against the respondent in the amount of $1,203,598.89 (the

4

"principal amount"), plus interest on the principal amount at the rate set forth in the Final Award, together with $65,427.40 in attorney's fees and costs; and to close this case.

**SO ORDERED.**

Dated:  New York, New York
        May 29, 2025

                                    _____
                                         John G. Koeltl
                                    United States District Judge